# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ALONSO DE NIZ MENDEZ and JESUS NOEL RODRIGUEZ MARISCAL,<br><br>Petitioners,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | Case No. 1:26-cv-2404-JLT-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY RESPONDENTS' MOTION TO DISMISS, AND DIRECT RESPONDENTS TO PROVIDE PETITIONERS WITH BOND HEARINGS<br><br>(ECF Nos. 1, 7) |

Petitioners are immigration detainees proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Jesus Alonso De Niz Mendez ("Petitioner De Niz Mendez") and Jesus Noel Rodriguez Mariscal ("Petitioner Rodriguez Mariscal") (collectively, "Petitioners") are citizens of Mexico currently detained by Immigration and Customs Enforcement ("ICE") at the California City Corrections Center. (ECF No. 1-1 at 3, 24.[1]) Petitioner De Niz Mendez entered the United States without inspection around early 2016. (ECF No. 1 at 2; ECF No. 1-1 at 20.) Petitioner Rodriguez Mariscal entered the United States around December 2015. (ECF No. 1 at 2; ECF No. 1-1 at 45.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

Both Petitioners entered the United States without inspection, were not apprehended at or near the border, and have resided continuously in the interior of the United States since their respective entries. (ECF No. 1 at 2; ECF No. 1-1 at 21, 45.)

On March 7, 2026, Petitioner De Niz Mendez was arrested by local law enforcement in Utah, subsequently released by the City of West Jordan Justice Court, and then detained by ICE. ICE identified Petitioner Rodriguez Mariscal for detention due to a state charge of driving under the influence, and through counsel made arrangements to report to the West Valley City, Utah ICE office where he was taken into custody on February 3, 2026. (ECF No. 1 at 2.)

On March 27, 2026, Petitioners filed a petition for writ of habeas corpus challenging their immigration detention on statutory and due process grounds. (ECF No. 1.) On April 21, 2026, Respondents filed a motion to dismiss. (ECF No. 7.) On May 5, 2026, Petitioners filed an opposition. (ECF No. 10.) To date, no reply in support of the motion to dismiss has been filed, and the time for doing so has passed.

**II.**

**DISCUSSION**

Respondents argue that Petitioner are "'applicant[s] for admission' who are subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2)." (ECF No. 7 at 1.) "District courts around the country have rejected the government's position that section 1225(b)(2) permits it to pursue mandatory detention against noncitizens who have not been lawfully admitted but have been present in the country for years." Valencia Zapata v. Kaiser, 801 F. Supp. 3d 919, 936 (N.D. Cal. 2025) (citing Salcedo Aceros, 2025 WL 2637503, at *8 (collecting cases)). "Here in the Eastern District of California, recent decisions have largely rejected the government's interpretation of Section 1225(b)(2) as applicable to all 'applicants for admission.'" Valencia v. Chestnut, 809 F. Supp. 3d 1064, 1067 (E.D. Cal. 2025) (collecting cases).

"Respondents submit there are no significant factual or legal issues in this case that materially distinguish it from the cases" where this Court has granted relief. (ECF No. 7 at 1.) Accordingly, the Court recommends finding that Petitioners are not subject to mandatory detention under 8 U.S.C. § 1225(b) based on the reasoning in Carlos v. Chestnut, No. 1:26-cv-

00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026), which found that "a non-citizen who has resided in this country for an extended period likely falls within the discretionary detention authority under 8 U.S.C. § 1226, rather than the mandatory detention authority under 8 U.S.C. § 1225." Id. at *2 (citing E.L.D.M. v. Becerra, No. 1:25-CV-01906-DJC-JDP, 2025 WL 3707140, at *3 (E.D. Cal. Dec. 22, 2025)).

Alternatively, Respondents argue that the Court should hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez Vazquez v. Bostock, No. 25-6842. (ECF No. 2 at 2.) The Court recommends declining to hold the petition in abeyance given the uncertain timeline regarding any Ninth Circuit decision in Rodriguez Vazquez.

**III.**

**RECOMMENDATION & ORDER**

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondents' motion to dismiss (ECF No. 7) be DENIED.

3. Petitioners be released unless Respondents provide Petitioners with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.

///

///

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 15, 2026**

STANLEY A. BOONE
United States Magistrate Judge