## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ALONSO DE NIZ MENDEZ and JESUS NOEL RODRIGUEZ MARISCAL, <br><br> Petitioner, <br><br> v. <br><br> TANYA ANDREWS, et al., <br><br> Respondents. | No. 1:26-cv-02404 JLT SAB (HC) <br><br> A-Number: 235-924-095 <br> A-Number: 221-493-706 <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS WITH MODIFICATION, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING RESPONDENTS' MOTION TO DISMISS, DIRECTING RESPONDENTS TO PROVIDE INITIAL CUSTODY DETERMINATIONS AND SUBSTANTIVE BOND HEARINGS, AND DIRECTING CLERK OF COURT TO CLOSE CASE <br><br> (Docs. 1, 7, 11) |

Petitioners are proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 15, 2026, the magistrate judge issued findings and recommendations that the petition for writ of habeas corpus be granted, Respondents' motion to dismiss be denied, and Respondents be directed to provide Petitioners with bond hearings. (Doc. 11.) On May 19, 2026, Respondents filed timely objections. (Doc. 12.) On June 1, 2026, Petitioners responded. (Doc. 13.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the

1

case. Having carefully reviewed the entire file, including Respondents' objections and Petitioners' response, the Court concludes the findings and recommendations are supported by the record and proper analysis, though the Court will require Respondents to comply with the slightly modified procedures articulated in *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026), because the record does not appear to contain evidence that Respondents have yet obtained administrative warrants for or provided either Petitioner with any kind of initial custody determination.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on May 15, 2026 (Doc. 11) are **ADOPTED AS MODIFIED**.

2. The petition for writ of habeas corpus is **GRANTED**.

3. Respondents' motion to dismiss (Doc. 7) is **DENIED**.

4. **Within 48 hours of this order**, Respondents **SHALL** undertake initial custody determinations pursuant to 8 U.S.C. § 1226(a) at which point they may either release Petitioners or continue their detention if deemed appropriate.

5. Thereafter, if Petitioners are not released and no arrest warrant has been issued, Respondents **SHALL** immediately seek an arrest warrant. If the warrant is not granted, Respondents **SHALL** immediately release the Petitioner. If a warrant is granted, within 10 days of the initial custody determination, Respondents **SHALL** provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) at which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained.

6. At least 72 hours before the scheduled hearing, Petitioners **SHALL** receive notice of the hearing. They **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing. If Respondents fail to provide the bond hearing within the timeframe outlined above, they **SHALL** release the Petitioner.

7. Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioners unless Respondents provide no less than seven days' notice to the Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which the Petitioner's eligibility for bond is considered.[1]

8. The Clerk of Court is directed to serve the California City Detention Center with a copy of this Order.

9. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **June 2, 2026**

_____
UNITED STATES DISTRICT JUDGE

---

[1] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.